**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CURTIS LOWERY, ) | |
| ) | Civil Action |
| Plaintiff, ) | |
| ) | 2:23-cv-00358-DSC |
| v. ) | |
| ) | |
| UNITED STATES STEEL ) | **JURY TRIAL DEMANDED** |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff Curtis Lowery files the following amended complaint pursuant to a stipulation reached by the parties.

**PARTIES & JURISDITION**

1. Plaintiff Curtis Lowery is an adult individual and resides at 329 Sharon Drive, Pittsburgh, PA 15221.

2. Defendant United States Steel Corporation d/b/a US Steel (hereinafter "US Steel") is a Delaware entity with its principal place of business located at 600 Grant Street, Pittsburgh, PA 15219.

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 as federal questions are involved.

**ADMINISTRATIVE PREREQUISITES**

4. Plaintiff timely filed a Complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), alleging unlawful discrimination on account of his age,

1

disability and for retaliation. Plaintiff dual filed his Complaint of discrimination with the Pennsylvania Human Relations Commission (hereinafter "PHRC").

5. PHRC and the EEOC have a working sharing agreement wherein PHRC defers to the EEOC's determination and agrees to adopt that ruling unless a party was to object the same.

6. Plaintiff has received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission and filed this action within the 90 day deadline set forth by that letter.

7. To Plaintiff's knowledge and belief, no party objected to the EEOC's determination to cease its investigation and to issue a Right to Sue letter to the PHRC. As such under the work sharing agreement, PHRC adopted the EEOC's closure of Plaintiff's claim.

## STATEMENT OF FACTS

8. Plaintiff began his employment with US Steel in the early 1990s and has worked continuously for Defendant until his termination.

9. At the time of his termination, Plaintiff worked as an operator/fork-truck driver in a full-time capacity.

10. Prior to 2018, Plaintiff began experiencing severe pain in his back, spine and knees due to the repetitive nature of his job and/or degenerative changes.

11. As a result of these conditions, Plaintiff applied for and received FMLA leave on an intermediated basis and/or as needed.

12. Plaintiff believes and therefore avers that he began using FMLA leave in 2018 and continued to applied for and qualify for additional FMLA leave up until the date of his termination.

13. On or around July or August 2021, Plaintiff learned that his direct supervisor was complaining about Plaintiff using FMLA leave and not being at work.

14. Moreover, on or around this same time, Plaintiff's direct supervisor falsely informed Plaintiff that he was out of FMLA leave and that he was not able to continue using it.

15. Plaintiff contacted the FMLA coordinator for Defendant and confirmed that he was still eligible for and had available days for his approved FMLA leave.

16. On or around January 2, 2022 and due to his conditions flaring up, Plaintiff began using FMLA leave again.

17. Plaintiff was unable to return to work due to his serious medical conditions and he continued to use his approved FMLA leave through February 2022.

18. Sometime in mid-February 2022, Plaintiff was advised his FMLA leave days were about to be exhausted.

19. Because he was not yet able to return to work, Plaintiff was advised to apply for Sick and Accident benefits, which plaintiff did.

20. By letter dated February 17, 2022, Plaintiff was advised his FMLA leave for the year had been exhausted.

21. As his condition was improving, plaintiff intended to return to work in March of 2022; however, plaintiff needed to be cleared by the plant's doctor prior to returning to work.

22. At approximately this time, Defendant notified Plaintiff that he was subject to discipline for unexcused absences beginning January 2, 2022 – the date he began using FMLA leave.

23. On February 28, 2022, Plaintiff was informed that he was subjected to a five (5) day suspension that could be upgraded to a full termination.

24. By letter dated March 1, 2022, defendant's agent informed plaintiff that his application for Sick and Accident benefits was denied because it had not been submitted within twenty-one (21) days of the onset of his disability.

25. On March 9, 2022, Defendant notified Plaintiff that he was being terminated.

26. Plaintiff is informed and therefore avers that Defendant violated its own progressive discipline policies in terminating plaintiff.

27. Had plaintiff not been terminated, he could and would have returned to work.

28. Plaintiff believes and therefore avers that Defendant disciplined and terminated him for using approved FMLA leave.

29. Plaintiff also believes and therefore avers that Defendant terminated his employment in order to prevent him from receiving Sick & Accident leave benefits.

30. Plaintiff believes and therefore avers that Defendant was motivated to terminate Plaintiff due to his use of FMLA leave and in retaliation for seeking Sick & Accident leave benefits.

## INJURIES AND DAMAGES

31. As a direct and proximate result of Defendant's wrongful practices and illegal termination, Plaintiff suffered from the following injuries and damages:

   a. Plaintiff lost income, employment benefits and his financial security;

   b. Plaintiff lost pension and other retirement benefits;

   c. Plaintiff suffered damage to his reputation;

   d. Plaintiff developed, suffered and continues to suffer from embarrassment, shame and emotional distress;

   e. Plaintiff suffered and continues to suffer from a diminution in enjoyment of his life;

 f. Plaintiff's ability to earn wages has been diminished and continues to be diminished; and

 g. Attorneys' fees and costs.

## COUNT ONE

**COMPENSATORY AND LIQUIDATED DAMAGES UNDER THE FAMILY MEDICAL LEAVE ACT, 29 U.S.C. § 2601 et seq.**

32. The prior paragraphs of this Complaint are incorporated herein by reference.

33. Defendant qualifies as an "employer" as defined by the FMLA.

34. Plaintiff qualifies as an "eligible employee" as defined by the FMLA.

35. Plaintiff was and/or should have been qualified for an "entitlement to leave" as defined by the FMLA §2612(a)(E).

36. When defendant was apprised of plaintiff's serious medical condition and his approved FMLA leave, Defendant was obligated to maintain Plaintiff's position and to not discipline him for using approved FMLA or to retaliation against him for using the same.

37. Defendant breached this obligation and terminated plaintiff's employment shortly thereafter.

38. Defendant violated the FMLA and Plaintiff seeks relief against them for the same as more fully outlined above and as permitted under §2617(a).

39. Due to Defendant's conduct, Plaintiff makes a claim for liquidated damages, lost front pay, lost back pay, attorney's fees and costs.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs.

## COUNT TWO

## ERISA INTERFERENCE & RETALIATION

40. The prior paragraphs of this Complaint are incorporated herein by reference.

41. Defendant established and maintained an employee benefit plan that provided Sick & Accident leave benefits for its employees.

42. As an employee of approximately thirty years, plaintiff had accrued the right to apply for and receive these benefits due to his serious medical conditions.

43. Plaintiff believes and therefore avers that defendant terminated his employment on March 9, 2022 in an effort to interfere with plaintiff's attempt to obtain this benefit and in retaliation for his attempting to do the same.

44. Defendant's conduct violated § 510 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001-1461.

45. Plaintiff therefore seeks reinstatement to his position, an award of back pay, the value of the Sick and Accident leave benefits to which he is entitled and attorneys' fees and costs.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs.

## COUNT THREE

## ERISA, § 502(a)(1)(B) & 503

46. The foregoing paragraphs are incorporated herein as if set forth at length.

47. Under the terms of the Sick and Accident benefit plan, plaintiff was entitled to Sick and Accident benefits.

48. Plaintiff should have been excused from having to submit his application within twenty-one (21) days of the onset of his disability as he was using FMLA.

49. Moreover, defendant's Sick and Accident benefit administrator is also the defendant's FMLA leave administrator. As such, defendant through its agent was aware that plaintiff had become unable to work as of January 2, 2022.

50. In denying Plaintiff's claim for Sick and Accident benefits, Defendant failed to comply with the plan's procedural requirements and acted in bad faith toward Plaintiff.

**WHEREFORE**, Plaintiff request an award of damages as permitted by law, interest, court costs as well as an award of attorneys' fees.

## COUNT FOUR

## DISABILITY DISCRIMINATION UNDER ADA

51. The prior paragraphs of this Complaint are incorporated herein by reference.

52. Plaintiff was a "qualified individual with a disability" as that term is defined in the ADA (42 U.S.C §12111 *et seq.*).

53. With reasonable accommodation Plaintiff could perform the essential functions of the position of operator/forklift driver.

54. Defendant by its conduct, has engaged in unlawful employment practices in violation of the Americans with Disabilities Act 42 U.S.C. §§12111 *et seq*.

55. These practices include refusing to provide Plaintiff with reasonable accommodation, harassment, and discharging Plaintiff from his employment.

56. It is believed and therefore averred that these unlawful practices were intentional on the part of Defendant.

57. It is believed and therefore averred that Defendant intentionally discriminated against Plaintiff because of his seeking protection under the Americans with Disabilities Act and requesting reasonable accommodation.

58. These unlawful practices were committed by the Defendant to deprive Plaintiff of his rights under the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

59. These practices have caused Plaintiff to suffer damages and have deprived Plaintiff of equal employment opportunities and have otherwise adversely affected Plaintiff because of his disability.

60. As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

61. Because the discriminatory treatment of Plaintiff by Defendants was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to punitive damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendants and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

    a) The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADA.

    b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of disability.

    c) The immediate assignment of Plaintiff to such position as he would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

    d) The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

    e)    The award of any pre-judgment interest on any back pay.

    f)    The award of compensatory damages.

    g)    The award of punitive damages.

    h)    The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT FIVE

## RETALIATION UNDER THE ADA

62.    The prior paragraphs of this Complaint are incorporated herein by reference.

63.    Plaintiff suffered from a recognized disability that affected his ability to perform his employment duties without reasonable accommodation.

64.    Defendant retaliated against Plaintiff, because he exercised his right to equal treatment under the law by reporting his serious disability to Defendant and requesting reasonable accommodations for the same. Such retaliatory conduct is a violation of said anti-retaliatory provisions of ADA.

65.    Said retaliation included affecting Plaintiff's ability to perform his assigned tasks by, unwarranted harassment, disability discrimination, and discharge.

66.    Plaintiff suffered intentional discrimination and retaliation because of his disability and effort to protect her rights under the Americans with Disabilities Act.

67.    As direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a.  The entry of declaratory judgment finding that the acts complained of herein are unlawful and violate Americans with Disabilities Act.

b.  The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of disability.

c.  The immediate assignment of Plaintiff to such position as he would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d.  The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e.  The award of any pre-judgment interest on any back pay.

f.  The award of compensatory damages.

g.  The award of punitive damages.

h.  The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

i.  The award of such other relief as may be just and proper.

## COUNT SIX

### DISCRIMINATION UNDER THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 AND ALL AMENDMENTS ("ADEA")

68.  All preceding paragraphs are incorporated herein as if set forth at length.

69.  Plaintiff is a member of a protected class under the ADEA.

70.  Plaintiff was born in 1967 and was over 50 years of age at the time of suffering an adverse employment action.

71.  Plaintiff was discriminated against because he was an "older" employee who had seniority and should have had higher wages.

72.  Plaintiff was discriminated against by Defendant by terminating his employment because of his age.

73. Upon information and belief Defendant filled all positions that Plaintiff was denied and/or terminated from with less qualified, less experienced, and younger employees.

74. Because the discriminatory treatment of Plaintiff by Defendant was willful or in reckless disregard of Plaintiff's civil rights Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against that of Defendant and an award of damages in excess or $50,000 exclusive of interests and costs and other damages as listed:

a) The entry of declaratory judgment finding that the acts complained of herein are unlawful discriminatory practices under ADEA.

b) The entry of a permanent injunction prohibiting Defendant from retaliating against employees on the basis of age.

c) The immediate assignment of Plaintiff to such position as they would now be occupying but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d) The award of compensation of Plaintiffs for all earnings and other benefits including retirement benefits which Plaintiffs would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

e) The award of any pre-judgment interest on any back pay.

f) The award of compensatory damages.

g) The award of liquidated damages.

h) The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

## COUNT SEVEN

## DISCRIMINATION UNDER PHRA

75. The prior paragraphs of this Complaint are incorporated herein by reference.

76. At all times material to this complaint, Plaintiff was an "employee" of Defendant as that term is defined in the Pennsylvania Human Relations Act ("PHRA") 43 P.S. §954.

77. At all times material to this complaint Defendant was an "employer" of Plaintiff as that term is defined in the PHRA 43 P.S. §954.

78. The acts of Defendant constitute "unlawful discriminatory practices" under 43 P.S. §955 against Plaintiff because of his disability and age.

79. As a direct result of the injuries sustained by Plaintiff, Plaintiff is entitled to damages as set forth in the above paragraphs.

**WHEREFORE**, Plaintiff requests the following:

a. The entry of a declaratory judgment finding that the acts complained of herein are unlawful and violate the PHRA as amended.

b. The entry of a permanent injunction enjoining defendants from engaging in each of the unlawful acts, practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law so that the Defendants no longer discriminate on the basis of age and disability.

c. The award of compensation of Plaintiff for all earnings and other benefits including retirement benefits which Plaintiff would have received but for the discriminatory acts of Defendant as well as the foreclosure of promotional opportunities.

d. The award of any pre-judgment interest on any back pay.

e. The award of compensatory damages.

f. The award of costs and disbursements of this action including reasonable attorney's fees and expert fees.

g. The award of such other relief as may be just and proper.

**JURY TRIAL DEMANDED AS TO ALL COUNTS AS PERMITTED BY LAW**

                                                     Respectfully submitted,

                                                     **PRAETORIAN LAW GROUP, LLC**

                                                     /s/ David M. Kobylinski
                                                David M. Kobylinski, Esquire
                                                PA ID No.: 92233
                                                515 Court Place, Suite 4
                                                Pittsburgh, PA 15219

                                                *Counsel for Plaintiff*

Dated: April 20, 2023